1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| ARTHUR RAY DEERE, SR.,<br>CDCR #F-94040,<br><br>                  Plaintiff,<br><br>        vs.<br><br>DR. E. ESTOCK,<br><br>                  Defendant. | Case No.      13cv1344 JLS (NLS)<br><br>**ORDER: (1) DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g); AND (2) DISMISSING CASE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**(ECF Docs. No. 3, 6)** |

Plaintiff Arthur R. Deere, Sr. ("Plaintiff"), a state prisoner currently incarcerated at the California Institute for Men, and proceeding pro se, has filed a civil rights action.  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his complaint; instead, he has since submitted two Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF Nos. 3, 6.)

## LEGAL STANDARD

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892  (9th Cir. 2011).  Prisoners like Plaintiff, however, "face an additional hurdle."  *Id.*   In addition to requiring prisoners to "pay the full amount of a filing fee" in installments, as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act

("PLRA") amended section 1915 to preclude the privilege to proceed IFP

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) [hereinafter *Andrews*].

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) [hereinafter *Cervantes*] (holding that, under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

## ANALYSIS

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d

801, 803 n.2 (9th Cir. 2002)); *see also United States* ex rel. *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  This Court takes judicial notice that Plaintiff has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:

    1)    *Deere v. Cuomo*, Civil Case No. 11-0542 JAH (WMc) (S.D. Cal. Aug. 23, 2012) (Order dismissing Third Amended Complaint for faiure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b));

    2)    *Deere v. Brown*, Civil Case No. 11-1579 WQH (JMA) (S.D. Cal. Oct. 3, 2012) (Order dismissing Second Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)); and

    3)    *Deere v. Altamirano*, Civil Case No. 12-412-UA (CW) (C.D. Cal. April 4, 2012) (Order denying Motion to Proceed IFP and dismissing case as frivolous, malicious or failing to state a claim upon which relief may be granted).

These prior civil actions are each "strikes" as defined by § 1915(g).  Thus, Plaintiff has, while incarcerated, accumulated three "strikes."  Moreover, after carefully reviewing Plaintiff's pleading, the Court finds that it contains no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Accordingly, the Court finds that Plaintiff is not entitled to the privilege of proceeding IFP in this action.  *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court hereby:

(1)    **DENIES** Plaintiff's Motions to Proceed IFP (ECF Nos. 3, 6) as barred by 28 U.S.C. § 1915(g);

(2)     **DISMISSES** this action *sua sponte* without prejudice for failure to prepay the $350 filing fee pursuant to 28 U.S.C. § 1914(a); and

(3)     **CERTIFIES** that an IFP appeal from this Order would also be frivolous and, therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  September 20, 2013

Honorable Janis L. Sammartino
United States District Judge

4